38201-72203 (RER)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION AT MEMPHIS**

**NATIONWIDE INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                             **No.**_____
                                  **Judge:**_____

**STARNISHA HUDSON,**
**UVAUTAI BROOKS,**
**And GEICO INSURANCE COMPANY**

      **Defendants.**

---

## COMPLAINT FOR DECLARATORY JUDGMENT

---

      Comes now Plaintiff Nationwide Insurance Company, by and through counsel, and for its Complaint against Defendants Starnisha Hudson, Uvautai Brooks, and GEICO Insurance Company would state and show as follows:

      1.     Plaintiff Nationwide Insurance Company ("Nationwide") is an Ohio corporation with its principal place of business located in Columbus, Ohio, and it is duly qualified to do business in Tennessee.

      2.     Defendant Starnisha Hudson is a resident and citizen of Shelby County, Tennessee, and may be served with process at her residence located at 2341 Eldridge Avenue, Memphis, Tennessee 38108.

      3.     Defendant Uvautai Brooks is a resident and citizen of Tipton County, Tennessee and may be served with process at his residence located at 65 Bennett Road, Covington, Tennessee 38019.

38201-72203 (RER)

4.     Defendant GEICO Insurance Company is a Georgia corporation with its principal place of business located in Macon, Georgia, and it is duly qualified to do business in Tennessee.   GEICO Insurance Company may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243-1131.

5.     Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.  This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

6.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b), and Local Rule of Court 3.3(a), because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Defendant Starnisha Hudson resides.

7.     Plaintiff Nationwide issued its Private Passenger Automobile Policy, policy number 9624071 (copy attached as **Exhibit A**), to Starnisha Hudson with effective dates of May 23, 2011, to November 23, 2011.  This policy was in full force and effect on or about May 25, 2011, and at all times pertinent to this action.

8.     On December 19, 2011, a Complaint for personal injuries was filed in the Circuit Court of Shelby County, Tennessee by Defendant Uvautai Brooks against Defendant Starnisha Hudson and GEICO Insurance Company, seeking compensatory damages in the amount of $70,000.00.  The Complaint bears the docket number CT-005630-11.  (Copy attached hereto as **Exhibit B**.)  Even though Defendant Uvautai Brooks is only seeking $70,000.00 in this underlying tort lawsuit, the amount in

38201-72203 (RER)

controversy is still greater than $75,000.00 because Nationwide has a duty both to indemnify and to defend Defendant Starnisha Hudson in this lawsuit.  The total of these two amounts will exceed $75,000.00, thus giving this Court jurisdiction over this case.

9.     The allegations of the personal injury suit, according to the Complaint bearing docket number CT-005630-11, arise out of a car accident that occurred on May 25, 2011.

10.     Defendant Starnisha Hudson has demanded that Plaintiff Nationwide provide a defense and coverage for the above-referenced lawsuit filed against her by Defendant Uvautai Brooks, in the Circuit Court of Shelby County, Tennessee.

11.     Plaintiff Nationwide contends and asserts that it has no duty under its Private Passenger Automobile Policy, policy number 9624071, to defend and/or indemnify Defendant Starnisha Hudson in the lawsuit filed by Defendant Uvautai Brooks due to Defendant Starnisha Hudson's violations of several provisions of the insurance policy.  Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

12.     Plaintiff Nationwide's Private Passenger Automobile Policy states in pertinent part:

**INSURED PERSONS' DUTIES AFTER AN ACCIDENT OR LOSS**

The **insured** will:

. . .

       4.   Submit to an examination under oath as often as reasonably requested by **us**, while not in the presence of any other **insured** or person making a claim for any coverage under this policy, at a time and place designated by **us** before an individual or individuals chosen by **us**.

. . .

8. Provide access to any data and/or records **we** reasonably request for use in the evaluation or defense of any claim or suit and permit **us** to make copies of such data or records.

## AUTO LIABILITY

**COVERAGE AGREEMENT**
**PROPERTY DAMAGE AND BODILY INJURY LIABILITY COVERAGE**
**COVERAGE EXCLUSIONS**
    This coverage does not apply to:

1. **Property damage** or **bodily injury** caused intentionally by or at the direction of an **insured**, including willful acts the result of which the **insured** knows or ought to know will follow from the **insured's** conduct.

## GENERALLY POLICY CONDITIONS

**We**, **you**, and anyone **insured** by this policy must do certain things in order for the provisions of the policy to apply. The following are policy conditions:

1. HOW YOUR POLICY MAY BE CHANGED

    . . .

    e) The **policyholder** has a duty to notify **us** as soon as possible of any change which may affect the premium or risk under this policy. This includes, but is not limited to, changes in:
        (1) the principle garaging address of the **insured** vehicle, which must be reported to **us** within thirty (30) days of the date of the address change becomes effective.

. . .

10. FRAUD AND MISREPRESENTATION

    a) This policy was issued in reliance on the information **you** provided at the time of **your** application for insurance coverage. During the first policy term, **we** may void this policy, deny coverage under this policy or, at **our** election, assert any other remedy available under applicable law, if **you**, or any **insured** person seeking coverage under this policy knowingly or unknowingly concealed, misrepresented, or omitted any material fact or engaged in fraudulent conduct at the time the application was made or at any time during the policy period.

38201-72203 (RER)

b)     **We** may void this policy, deny coverage for an accident or loss, or at **our** election, assert any other remedy available under applicable law, if any **insured** person or any other person seeking coverage under this policy has knowingly or unknowingly concealed or misrepresented any material fact or engaged in fraudulent conduct in connection with the filing or settlement of any claim.

13.     Pursuant to the above-referenced provisions of Nationwide's Private Passenger Automobile Policy, Plaintiff Nationwide contends that it has no duty to defend and/or indemnify Defendant Starnisha Hudson in the lawsuit filed by Defendant Uvautai Brooks in the Circuit Court of Shelby County, Tennessee, docket number CT-005630-11, or to provide coverage for any liability arising out of the alleged automobile accident for the following reasons:

a)     The insurance policy's property damage and bodily injury liability coverage excludes coverage for property damage or bodily injury caused intentionally by the insured.   Here, Nationwide alleges that Defendant Starnisha Hudson and Defendant Uvautai Brooks staged the accident in this case, and, since the accident was an intentional act, Nationwide has no duty to defend or indemnify Defendant Starnisha Hudson in the action filed by Defendant Uvautai Brooks;

b)     Defendant Starnisha Hudson had a duty as an insured to notify Nationwide of any change in the principal garaging address of the insured vehicle. Here, Nationwide alleges that Defendant Starnisha Hudson's application for insurance states that she resides at 553 E. Cox Road, Byhalia, Mississippi, 38611, but Defendant Starnisha Hudson apparently now resides at 2341 Eldridge Avenue, Memphis, Tennessee 38108.   Defendant Starnisha Hudson never informed Nationwide of this change of address, and, therefore, she violated the terms and conditions of the

38201-72203 (RER)

insurance policy.  As a result, Nationwide has no duty to defend or indemnify Defendant Starnisha Hudson in the action filed by Defendant Uvautai Brooks;

c)  The insurance policy states that Nationwide may deny coverage under the policy during the first policy term if the insured misrepresented any material fact in the application for insurance.  Here, Nationwide alleges that if Defendant Starnisha Hudson did not reside at 553 E. Cox Road, Byhalia, Mississippi, 38611 when she submitted her application for insurance, then Defendant Starnisha Hudson misrepresented to Nationwide that she was a resident of Mississippi when she applied for the policy because, in fact, she was a resident of Tennessee.  Furthermore, this alleged accident occurred during the first policy term.  As a result of this misrepresentation in the application, Nationwide has no duty to defend or indemnify Defendant Starnisha Hudson in the action filed by Defendant Uvautai Brooks;

d)  The insurance policy states that Nationwide may deny coverage under the policy if the insured misrepresented any material fact in connection with the filing of a claim.  Here, Nationwide alleges that Defendant Starnisha Hudson staged an automobile accident and then filed a claim for damages resulting from this accident.  As a result of this misrepresentation, Nationwide has no duty to defend or indemnify Defendant Starnisha Hudson in the action filed by Defendant Uvautai Brooks;

e)  The insurance policy states that after a loss an insured has a duty both to submit to an examination under oath and to provide any records Nationwide reasonably requests for its use in the evaluation of the loss.  Here, Nationwide requested that Defendant Starnisha Hudson submit to an examination under oath on December 1, 2011, and that she bring certain requested records to this examination.

38201-72203 (RER)

(**Exhibit C**.)   Defendant Starnisha Hudson did not appear for this examination under

oath.   (**Exhibit D**.)   Nationwide then rescheduled the examination under oath for

December 8, 2011, and sent another notice to Defendant Starnisha Hudson requesting

her attendance and that she bring the requested records to the examination.   (**Exhibit

E**.)   But Defendant Starnisha Hudson also did not appear for this examination under

oath.   (**Exhibit F**.)   As a result of Defendant Starnisha Hudson's failure to comply with

the insurance policy's post-loss procedures, Nationwide has no duty to defend or

indemnify Defendant Starnisha Hudson in the action filed by Defendant Uvautai Brooks.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nationwide prays:

1.      That process issue and be served upon the Defendants requiring each of

them to answer this Complaint for Declaratory Judgment;

2.      For a declaration of rights, obligations, and legal relations of the Plaintiff

and Defendants by reason of the aforesaid policy of insurance;

3.      For a declaration that Plaintiff is not obligated to furnish legal counsel or

otherwise provide a defense on behalf of Defendant Starnisha Hudson or any other

party-defendant in the action filed by Defendant Uvautai Brooks pending in the Shelby

County Circuit Court, docket number CT-005630-11;

4.      For a declaration that no coverage is afforded under the insurance policy

issued to Defendant Starnisha Hudson, policy number 9624071, for the claims and

demands made in the action filed by Defendant Uvautai Brooks pending in the Shelby

County Circuit Court, docket number CT-005630-11;

5.      For the costs of this cause; and

38201-72203 (RER)

6.      For such other relief to which Plaintiff may be entitled under the facts and

circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:     */s/Russell E. Reviere*
        RUSSELL E. REVIERE , BPR #07166
        JONATHAN D. STEWART, BPR #023039
        *Attorneys for Plaintiff State Farm Fire and*
        *Casualty Company*
        209 E. Main Street
        P.O. Box 1147
        Jackson, TN  38302-1147
        (731) 423-2414

38201-72203 (RER)

## **COST BOND**

We acknowledge ourselves surety for costs in the above matter not to exceed

One Thousand and 00/100 Dollars ($1,000.00).

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:    */s/ Russell E. Reviere*
RUSSELL E. REVIERE, BPR #07166
JONATHAN D. STEWART, BPR #023039
*Attorneys for Plaintiff*